IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CLAUDE WILLIAMS and GLENNIE WILLIAMS, Individually and on behalf of all similarly situated individuals., | ) ) ) | |
| Plaintiffs | ) | |
| v. | ) ) | Civil Action No. 07-0879-KD-M |
| RICHMOND TITLE SERVICES, LLP and STEWART TITLE GUARANTY COMPANY | ) ) ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the following: defendant, Richmond Title Service's motion to dismiss and brief in support (docs. 5, 6), plaintiffs' motion for dismissal of count two of the amended complaint (doc. 20)[1] and plaintiffs' brief in opposition to defendant's motion to dismiss (doc. 21) filed February 21, 2008.

I.   Procedural History

Plaintiffs' complaint alleges, in sum, that defendants, Richmond Title Services, LLP ("Richmond") and Stewart Title Guaranty Company ("Stewart") violated Section 8(b) of the

---

[1] Plaintiffs move to dismiss, without prejudice, Count II of the amended complaint, which alleged violations under Section 8(a) of RESPA.  No objections have been filed to the motion.  Accordingly, the motion to dismiss Count II is **granted.**

1

Real Estate Settlement Procedures Act ("RESPA") [2], 12 U.S.C. § 2607(b)[3] in connection with title insurance fees, recording fees and other "padded fees" imposed on plaintiffs in connection with their home mortgage loan, which closed on or about December 22, 2006.[4] Richmond filed the instant motion to dismiss on the grounds, in sum, that the allegations in the complaint fail to state a claim for relief under RESPA.

II.     Factual Background [5]

---

[2]  Congress passed RESPA in an effort to reduce unnecessary costs consumers are required to pay to settle their real estate transactions. The statute states, in part:

> (a) The Congress finds that significant reforms in the real estate settlement process are needed to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country.

12 U.S.C. § 2601.

[3]  Section 8(b) of RESPA provides:

> No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

12 U.S.C. § 2607(b).

[4]  Plaintiffs allege in the complaint that their claims are asserted individually and on behalf of a class of similarly situated individuals.

[5]   In resolving a motion to dismiss the court is bound to take as true the allegations contained in plaintiff's complaint. Oxford Asset Management, Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) ("On a motion to dismiss, the plaintiff's factual allegations are accepted as true, however, legal conclusions masquerading as facts will not prevent dismissal) e .g., Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir.2006) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.")

Defendant, Richmond, acted as the settlement or closing agent for the plaintiffs' loan and its services were provided as a condition to a federally related home loan.  The closing on plaintiffs' loan was completed on or about December 22, 2006.  In connection with the loan the Williams paid Richmond a "settlement or closing fee."  Plaintiffs allege that Richmond added additional amounts to the fees of other settlement service providers without performing any additional compensable work for the additional fees. Specifically, plaintiffs allege that Richmond pads recording fees, notary fees, overnight delivery fee, tax service fees and wire service fees.  Plaintiffs also allege that defendant Richmond charged $70 over the approved legal rate for title insurance and then split this padded fee with defendant Stewart.

III.	Standard on Motion to Dismiss

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted.  See FED. R. CIV. P. 12(b)(6).  A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. See, e.g., United States v. Gaubert, 499 U.S. 315, 327 (1991); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir.1990).  Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. See, e.g., Brower v. County of Inyo, 489 U.S. 593, 598 (1989).

Rule 8(a)(2)[6] of the Federal Rules of Civil Procedure generally sets the benchmark for

---

[6] Fed. R. Civ. P. 8 provides, in pertinent part:

A pleading which sets forth a claim for relief, whether an original claim,

determining whether a complaint's allegations are sufficient to survive a Rule 12(b)(6) motion. Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). Rather, "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. Id. at 1965. "The Court has instructed us that the rule . . . 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Watts v. Fla. Nat'l Univ., 495 F.3d 1289, 1295-96 (11th Cir., 2007) (quoting Twombly, 127 S. Ct. at 1965). "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" Id.

With this legal framework in mind, the Court now turns its focus to the specific arguments advanced by each of the defendants in their respective motions to dismiss.

IV.   Discussion

   A.   Real Estate Settlement Procedures Act ("RESPA")

Section § 2607(b) of RESPA, upon which Count I of the complaint is predicated, is entitled "Splitting Charges" and provides:

> No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement

---

> counterclaim, cross-claim, or third-party claim, shall contain...(2) a short and plain statement of the claim showing that the pleader is entitled to relief....

Fed. R. Civ. P. 8(a)(2).

>  service in connection with a transaction involving a federally related mortgage loan *other than for services actually performed.*

12 U.S.C. § 2607(b) (emphasis added). The operative language, "other than for services actually performed" infers that if a service is performed and a fee is given or accepted, then § 2607(b) is not violated. See Sosa v. Chase Manhattan Mortgage Corp., 348 F.3d 979, 984 (11th Cir. 2003) (affirming a Rule 12(b)(6) dismissal for a claim under § 2607(b) because the plaintiff failed to allege that the defendant did not perform any services and thus accepted a portion of a real estate settlement charge "other than for services actually performed"); see also Kruse v. Wells Fargo Home Mortgage, Inc., 383 F. 3d 49, 57 (2nd Cir. 2004) (holding that "nothing in [§ 2607(b)] authorizes courts to divide a 'charge' into what they or some other person or entity deems to be its 'reasonable' and 'unreasonable' components. Whatever its size, such a fee is 'for' the services rendered by the institution and received by the borrower.").

The RESPA statute prohibits kickbacks and illegal mark-ups and unearned fees. Sosa, 348 F.3d at 981 ("Section 8 of RESPA addresses kickbacks and unearned fees."). A markup "occur[s] when a settlement service provider hires a third party to provide a service, adding no value itself to the service, and then passes along to the borrower the third party's charge after tacking on a surcharge." Hazewood v. Foundation Financial Group, LLC, 2007 WL 1975446 at * 3 ( S.D. Ala. 2007). In other words, when "someone who has performed no services tacks on a surcharge to the charge of someone who did provide services" a mark-up exists. " Morrisette v. Novastar Home Mortgage, Inc., 484 F. Supp 2d 1227, 1231 (S. D. Ala., July 2, 2007). An overcharge "occur[s] when a settlement provider performs a service itself, then charges an amount for that service that the borrower perceives as unreasonable, excessive or illegal...."

Hazewood, 2007 WL 1975446 at *3.  "RESPA does not outlaw overcharges." [7] Id. at *3; see also Santiago v. GMAC Mortgage Group, Inc., 417 F. 3d 384, 390 (3rd Cir. 2005) (concluding that the "text of Section 8(b) of RESPA does not support a cause of action for overcharges by settlement service providers".)  Rather, "Section 8(b) addresses the practice of being paid *at all* for doing *nothing*, not the practice of being paid *too much for* doing *something*." Morrisette 484 F. Supp 2d at 1230 (italics in original).

    B.    <u>Motion to Dismiss</u>

Defendant moves to dismiss plaintiffs' claims under RESPA Section 8(b) on the grounds, in sum, that plaintiffs have failed to state a valid claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. Defendant also moves the Court to grant the request for oral argument on the motion. [8]

    Title Insurance Fee

Plaintiffs allege that the defendants charged $70 more for title insurance than allowed by the Alabama Department of Insurance.  Specifically, plaintiffs claim that defendants charged extra for endorsements and, because the endorsements were included in the legal rate, the extra charge was duplicative and unearned.  Plaintiffs also contend that the allegation that Richmond was fully compensated by its closing fee and that there were no compensable services performed in exchange for the disputed portion of these fees is sufficient to survive the motion to dismiss.

---

[8] Local Rule 7.3 gives the court discretion to rule on any motion without oral argument. Upon review of the pleadings and exhibits, the court finds that oral argument would not substantially assist the court in resolving the issues presented in the defendant's motion to dismiss. Accordingly, the request for oral argument (doc. 6) is **denied**.

Plaintiffs rely on the position taken by HUD[9] that Section 8(b) prohibits charging a fee where no nominal or duplicative work is done, or the fee is in excess of the reasonable value of goods or services provided. Plaintiffs contend that HUD's interpretation is "the only reasonable reading" and that any part of a settlement charge which is "unearned...then that portion of the charge for which no service is actually performed is an unearned fee and illegal."

The Court has previously adopted the reasoning of the Second Circuit in <u>Kruse</u> that "any statement included in the 2001 HUD SOP which allows for a claim for overcharges is not supported by the text of section 8(b)." <u>Edwards v. Accredited Home Lenders</u>, CV-07-00160 (S.D. Alabama October 23, 2007) (citing <u>Kruse,</u> 383 F. 3d at 55-57 ("We conclude that section 8(b) clearly and unambiguously does not extend to overcharges.")[10]  Plaintiffs' complaint is an

---

[9] In the 2001 Policy Statement, HUD clarified that Section 8(b) could be violated in the following ways:

> (1) Two or more persons split a fee for settlement services, "any portion of which is unearned"; or
>
> (2) One settlement service provider marks up the cost of the services performed or goods provided by another settlement service provider without providing additional actual, necessary and distinct services, goods, or facilities to justify the additional charge; or
>
> (3) One settlement service provider charges a fee where no, nominal or duplicative work is done or the fee is in excess of the reasonable value of goods or services provided.

66 Fed. Reg. at 53057.

[10] Recently, in <u>Busby v. JRHBW Realty,</u> 2008 WL 151872 (11th Cir. 2008), the Eleventh Circuit Court of Appeals noted HUD's 2001 policy statement endorsing Section 8 (b) suits for overcharges but expressly declined to address whether the Second and Third Circuit opinions

allegation of an overcharge. Specifically, plaintiffs allege that defendants, Richmond and Stewart, were fully compensated from the $235 legal title insurance rate for issuing and underwriting the title policy. Implicit in this allegation is that both Richmond and Stewart performed services in regards to issuing and underwriting the title policy. Thus, the allegation that the additional $70 charged for the title insurance was not earned is simply another way of saying that the plaintiffs were overcharged for the issuance and underwriting of the title policy. Accordingly, the allegations in the complaint regarding the title insurance fee fail to state a claim and are due to be dismissed.

### Recording, Abstract and other fees

The factual allegations of plaintiffs' amended complaint include the following: (1) that Richmond adds additional amounts to the fees of other settlement service providers without performing any additional compensable work for said additional fees; (2) that these settlement services are provided to Richmond by third party providers and Richmond does not perform any additional services related to such settlement services obtained and, accordingly, the additional fees being charged by Richmond for said services are for other than for services actually performed.

Specifically, plaintiffs allege that "[a]s part of the closing and settlement process for a residential mortgage loan Richmond, as a matter of course, inflates the recording fees charged to its customers and retains the difference between the actual fees charges by recording officials as

---

correctly rejected the policy statement as inconsistent with the unambiguous language of the statute.

additional unearned fees.  In the instant transaction the actual recording fee charged by the Baldwin County probate office was $58.00, while plaintiffs were charged $130.00 by Richmond."  Plaintiffs further allege that "Richmond, on information and belief, hires third parties to perform title searches and render title reports at a price of less than $100.00. Then, without performing any additional compensable work, it routinely charges fees for "title examination" and "Abstract or title search" that exceed the third parties' charges for the rendering of the title reports.  In the named plaintiffs' transaction Richmond charged a total of $245.00 for title examination and title search when a third party actually performed these services for, on information and belief, less than $100.00." Plaintiffs also allege that Richmond charges padded fees for notary fees, overnight delivery, tax service and wire fees and "added additional amounts to these fees without performing any additional work in exchange for the markup."

As stated previously, a markup "occur[s] when a settlement service provider hires a third party to provide a service, adding no value itself to the service, and then passes along to the borrower the third party's charge after tacking on a surcharge."  Hazewood , 2007 WL 1975446 at * 3. Taking plaintiffs' allegations as true, the Court finds that the allegations in the complaint "...succeed[] in 'identifying facts that are suggestive enough to render [that a mark-up occurred] plausible.'"  Watts v. Fla. Nat'l Univ., 495 F.3d at 1295-96 (quoting Twombly, 127 S. Ct. at 1965).  Accordingly, defendant's motion to dismiss Count I of the amended complaint is **DENIED,** to the extent that Count I alleges a claim regarding the recording fee, abstract fee (including title examination and search), notary fees, overnight delivery, tax service and wire

fees.

V.     Conclusion

     Based on the foregoing, defendant Richmond Title's motion to dismiss Count I of plaintiff's Amended Complaint is **DENIED, in part, and GRANTED, in part.**

     DONE this the 26th day of February 2008.

                              s/ Kristi K. DuBose     
                              **KRISTI K. DuBOSE**
                              **UNITED STATES DISTRICT COURT**