IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLAUDE WILLIAMS and GLENNIE WILLIAMS, Individually and on behalf of all similarly situated individuals, )<br><br>Plaintiffs )<br><br>v. )<br>)<br>RICHMOND TITLE SERVICES, )<br>LP and STEWART TITLE<br>GUARANTY COMPANY, )<br><br>Defendants. ) | Civil Action No. 07-0879-KD-M |

**ORDER**

This matter is before the Court on the following: defendant, Stewart Title Guaranty Company's ("Stewart") motion to dismiss (doc. 35) and brief in support (doc. 39); plaintiffs' response in opposition (doc. 38); defendant Richmond Title Services, LP's ("Richmond") motion to compel arbitration and stay proceedings (doc. 44), motion to supplement (doc. 45)[1] and plaintiffs' notice of consent to arbitration (doc. 47), and defendant Stewart Title's opposition to defendant Richmond Title's motion to compel arbitration (doc. 49).

I.   Background

Plaintiffs bring this action against defendants, Richmond and Stewart pursuant to Section

---

[1] Richmond moves the court to supplement its motion to compel arbitration with a copy of the title insurance policy. The motion to supplement is **GRANTED.**

-1-

8(b) of the Real Estate Settlement Procedures Act ("RESPA") , 12 U.S.C. § 2607(b)[2]. Plaintiffs' complaint alleges, in sum, that defendants, violated RESPA in connection with title insurance fees, recording fees and other "padded fees" imposed on plaintiffs in connection with their home mortgage loan.  On February 26, 2008, the court, on Richmond's motion, dismissed plaintiffs' claim regarding the title insurance fees.  On March 21, 2008 Stewart filed a motion to dismiss arguing that since the only claim involving Stewart had been dismissed, Stewart was due to be dismissed from the case.

On April 24, 2008 Richmond filed a motion to compel arbitration and stay proceedings based on an arbitration clause contained in the title insurance policy signed by plaintiffs and Stewart.  Plaintiffs consent to Richmond's motion but Stewart has filed an objection on the grounds, in sum, that Richmond, as a non-signatory to the title insurance policy, has no authority to bind Stewart to arbitration.  Stewart acknowledges that Richmond and plaintiffs are free to engage in arbitration but urges the court to dismiss it from the action on the grounds that there are no remaining claims that implicate Stewart.

II.     Motion to Dismiss

Stewart moves the Court to dismiss it from this action on the grounds that, in light of the Court's previous order granting, in part, Richmond's motion to dismiss there are no remaining

---

[2] Section 8(b) of RESPA provides:

No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

12 U.S.C. § 2607(b).

claims against Stewart.  The Court agrees.  On February 26, 2008 the undersigned granted Richmond's motion to dismiss allegations in the complaint regarding the title insurance overcharge on the grounds that  "the allegation that the additional $70 charged for the title insurance was not earned is simply another way of saying that the plaintiffs were overcharged for the issuance and underwriting of the title policy."  Richmond's motion to dismiss was denied as to Count 1 to the extent that it alleges a claim regarding the recording fee, abstract fee (including title examination and search), notary fees, overnight delivery, tax service and wire fees.  The allegations in the amended complaint as to Stewart relate only to the issuance of the title insurance policy.  As a result of the Court's order on Richmond's motion to dismiss, there are no remaining claims or allegations implicating defendant Stewart.  For the reasons stated in its' motion to dismiss (doc. 35), defendant, Stewart Title is dismissed from this litigation**.**

III.     Motion to Compel Arbitration and Stay Proceedings

Defendant Richmond moves the Court to enter an order compelling arbitration between the parties and staying these proceedings.  Plaintiffs have no objection to the motion.[3]  Therefore, because the remaining parties, Richmond and plaintiffs, have agreed to arbitrate the claims, this matter is referred to arbitration and these proceedings are STAYED.[4]

The Clerk of Court is DIRECTED to administratively close this file.  The parties shall provide the Court with periodic reports on the status of the arbitration every thirty (30) days

---

[3]  Stewart Title filed an objection to the motion on the grounds, in sum, that Richmond was a non-signatory to the policy which contains the arbitration agreement and was not Stewart's agent for the fees unrelated to the issuance of the title policy.  Since the Court has granted Stewart's motion to dismiss, it need not reach the issues presented in Stewart's objection.

[4]  The Court makes no determination whether the arbitration agreement is applicable  to the remaining claims in the amended complaint.

beginning July 14, 2008.

DONE this the 13th day of June, 2008.

 S/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**