# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GLENNIE WILLIAMS and CLAUDE WILLIAMS, individually and on behalf of similarly situated individuals, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>RICHMOND TITLE SERVICES, LP, )<br>)<br>Defendant. ) | CIVIL ACTION NO. 07-00879-KD-M |

## ORDER

This matter is before the Court on Plaintiff Glennie Williams and Defendant Richmond Title Services, LP's "Joint Motion to Confirm Arbitrator's Decision" which approved the class action settlement as well as awarded fees, costs and an incentive fee. (Doc. 70).

On December 21, 2007, Plaintiffs initiated this class action against Defendant Richmond Title (and other defendants who have since been dismissed) pursuant to Section 8(b) of the *Real Estate Settlement Procedures Act* ("RESPA"), 12 U.S.C. § 2607(b), alleging RESPA violations in connection with title insurance fees, recording fees and other "padded fees" imposed on Plaintiffs in connection with their home mortgage loan. On June 13, 2008, this Court referred the case to arbitration and stayed the proceedings. (Doc. 50). On January 21, 2010, the parties entered into a Stipulation of Settlement. (Doc. 70-1 at 1-20). On February 12, 2010, Arbitrator David L. Love signed a Preliminary Approval and Conditional Certification Order for Proposed Class Settlement (Doc. 70-1 at 21-34). The parties represent that notice by mail was sent to the over 26,000 members contained in the class, and that none objected to the class settlement. (Doc. 70 at 1).

On May 3, 2010, the parties submitted briefing relating to the class settlement to the

arbitrator and on May 10, 2010, Arbitrator Love conducted a final fairness hearing,. (Doc. 70-2 and 70-3). On May 12, 2010, Arbitrator Love issued a final order approving the class settlement as well as a separate order approving an award for attorneys' fees, reimbursement of costs and an award of incentive fee. (Doc. 70-4).

Judicial review of commercial arbitration awards is narrowly limited under the Federal Arbitration Act ("FAA"). 9 U.S.C. § 9-10 et seq. The FAA presumes the confirmation of arbitration awards. See, e.g., Davis v. Prudential Sec., Inc., 59 F.3d 1186, 1190 (11th Cir. 1995); Lifecare Int'l, Inc. v. CD Med., Inc., 68 F.3d 429, 433 (11th Cir. 1995). Indeed, "judicial review of an arbitration award is narrowly limited." Rosensweig v. Morgan Stanley & Co., Inc., 494 F.3d 1328, 1333 (11th Cir. 2007). "[F]ederal courts should defer to an arbitrator's decision whenever possible." Frazier v. CitiFinancial Corp., LLC, 2010 WL 1727446, *8 (11th Cir. Apr. 30, 2010) (citing B.L. Harbert Int'l, LLC v. Hercules Steel Co., 441 F.3d 905, 909 (11th Cir. 2006)). Moreover, the FAA provides "for expedited judicial review to confirm, vacate, or modify arbitration awards." Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 578 (2008). Indeed, as noted in Frazier, 2010 WL 1727446, *7 (emphasis in original), "the court *must* confirm the arbitrator's award unless it is vacated, modified, or corrected[.]"

In this case, the parties request that this Court confirm Arbitrator Love's arbitration award orders which approved the class action settlement and awarded fees and costs in the matter of *Claude Williams et al v. Richmond Title Services, LP et al.,* as part of the arbitration proceeding before the American Arbitration Association (AAA Case No. 11-115-1403-08) (Doc. 70-4). The parties have jointly moved for confirmation of the arbitrator's two (2) orders. There are no challenges to either the arbitrator's orders or the pending motion. Thus, pursuant to 9 U.S.C. § 9

and in light of the Eleventh Circuit's direction for this Court to give deference to the decision of an arbitrator, Frazier, 2010 WL 1727446, *8 (citing B.L. Harbert, 441 F.3d at 909), the parties' Joint Motion to Confirm (Doc. 70) is **GRANTED.**

Based on the foregoing, the parties' Joint Motion to Confirm Arbitrator's Decision (Doc. 70) is **GRANTED** and it is hereby **ORDERED, ADJUDGED** and **DECREED** that the arbitrator's decision is **CONFIRMED** such that judgment is entered in the manner specified in the Arbitrator's "Final Order" (Doc. 70-4 at 2-19) and "Order Approving Award for Attorneys Fees and Reimbursement of Costs and Award of Incentive Fee" (Doc. 70-4 at 20-23).

**DONE** and **ORDERED** this the **3rd** day of **June 2010.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**